UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LARRY FLENOID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00123-JPH-MG |
| | ) | |
| T.J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

After he was found guilty in the United States District Court for the Eastern District of Missouri of felon in possession of a firearm and escape, Petitioner Larry Flenoid was sentenced to a term of life imprisonment. *See United States v. Flenoid*, 415 F.3d 974 (8th Cir. 2005). Flenoid is serving that sentence at the United States Penitentiary, Terre Haute, located in the Southern District of Indiana. In this case, Flenoid seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he is serving an illegal life sentence. For the reasons explained below, Flenoid is not entitled to relief, and his petition is **denied**.

**I. Factual and Procedural Background**

Flenoid was convicted and sentenced in the Eastern District of Missouri. *See United States v. Flenoid*, No. 4:03-cr-501 (E.D. MO. 2003) (hereinafter "Crim. Dkt."). The facts of Flenoid's case, as stated by the Eighth Circuit in his direct appeal, are as follows:

> In May 2000, while residing in a halfway house pending release from federal prison, Flenoid went to see his girlfriend, Ursula Page, on a weekend pass. When Page was late picking him up, Flenoid became enraged, then punched, verbally abused, and threatened to kill her. Page took the threat seriously and sought refuge with her brother-in-law, Rickey Forehand.

1

> About three a.m., Flenoid appeared at Forehand's residence. Fearful, Page ran upstairs to hide under a bed with her niece. Page heard a gunshot downstairs. Flenoid had shot and killed Forehand with a .357 magnum revolver. After the shooting, Flenoid found Page and threatened her, pointing the gun at her niece. Still armed, Flenoid dragged Page out of the residence and put Page in her car. As Flenoid began to drive away, Page attempted to jump from the car. Flenoid grabbed Page's hand, dragging her while driving the car for about 150 feet.
>
> About that time, a St. Louis County patrolman arrived on the scene. When the officer arrived at Forehand's house, he observed Page's car leave the area and Page attempt to jump from it. The patrolman pursued the car until it crashed into a utility pole a short time later. The officer commanded Flenoid to exit Page's car. Instead, Flenoid attempted to free the car from the pole and when he failed, Flenoid fled into a wooded area nearby.
>
> Flenoid was not apprehended for more than three years. In the meantime, investigators recovered Flenoid's bloody fingerprint and palm print on a door and a wall of the basement where Forehand was killed. Police also recovered Flenoid's .357 revolver which contained five spent shell casings. Fragments of five bullets were retrieved from the basement of Forehand's house and from Forehand's body.

*Flenoid*, 415 F.3d at 975–76.

In 2004, Flenoid was convicted by a jury of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and escape, in violation of 18 U.S.C. § 751(a). Crim. Dkt. 95. For sentencing purposes, the District Court for the Eastern District of Missouri determined that Flenoid qualified as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Court also found that under the United States Sentencing Guidelines, the offense conduct, that is, Flenoid's murder of Forehand, required a sentence of life in prison. *Id.* (citing U.S.S.G. § 2A1.1). Accordingly, the district court sentenced Flenoid to life in prison. *Id.*

Flenoid appealed his sentence, arguing that resentencing was necessary under *Blakely v. Washington*, 542 U.S. 296 (2004), and that the district court erred in admitting testimony relating to the shooting. *See Flenoid*, 415 F.3d at 975. The Eighth Circuit affirmed Flenoid's conviction and sentence. *Id.* Flenoid's petition for writ of certiorari was denied on January 23, 2006. *Flenoid v. United States*, 546 U.S. 1155 (2006).

Flenoid also faced state charges for his crimes. On January 9, 2008, a jury in St. Louis County Circuit Court found Flenoid guilty of first-degree murder in the death of Forehand, as well as kidnapping, burglary, unlawful use of a weapon, assault, and two counts of armed criminal action. *See State v. Flenoid*, 283 S.W.3d 316 (Mo. Ct. App. 2009). Flenoid was sentenced to life in prison without parole. *Id.*

In federal court—the Eastern District of Missouri—Flenoid filed a motion to vacate under 28 U.S.C. § 2255, arguing 105 grounds for relief. *See Flenoid v. United States*, No. 4:07-cv-8, 2009 WL 1735267, (E.D. Mo. 2007). The district court found that upon "careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief." *See Flenoid v. United States*, No. 4:07-cv-8, 2009 WL 1735267, *2, (E.D. Mo. 2007).

Flenoid then filed a petition for writ of habeas corpus in the Southern District of Indiana, claiming ineffective assistance of counsel and that his sentence was improper. *See Flenoid v. Lockett*, No. 2:12-cv-200, 2013 WL 1900493, (S.D. Ind. 2013). The Court denied his petition because the arguments presented had previously been rejected in the district of conviction—the Eastern District of Missouri—and Flenoid was not entitled to "another bite of the postconviction apple." *Id.* at *1. Flenoid appealed, and the Seventh Circuit affirmed. *Flenoid v. Caraway*, No. 13-2096 (7th Cir. 2013).

Flenoid has continued to file motions in the Eastern District of Missouri arguing that his conviction and sentence were improper. Those arguments have been rejected and the corresponding attempts to obtain relief have been denied or dismissed. *See* Crim. Dkt. 145, 146, 149, 150, 154, 155.

On February 28, 2020, Flenoid filed this § 2241 petition for a writ of habeas corpus. Dkt. 1.

3

He continues to claim that he received ineffective assistance of counsel; that his prior state drug convictions do not qualify as serious drug offenses under ACCA; and that his conviction for felon in possession of a firearm must be dismissed because of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Id.* Flenoid seeks immediate release from the Bureau of Prisons and transfer to the Missouri Department of Corrections.

## II. Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* (*citing e.g.*, *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial

4

>rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1]

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Relatedly, the Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing of repeated habeas petitions that attack the prisoner's underlying conviction or sentence. Specifically, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

### III. Discussion

Given the limited review available in a § 2241 petition, the first step in this case is to determine whether Flenoid has presented a claim based on a new case of statutory interpretation that was previously unavailable and applies retroactively. In addition, the claim must not have been previously considered in a prior habeas action.

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

5

Flenoid first argues that he received ineffective assistance of counsel.[2] These claims, however, are not based on a new case of statutory interpretation. Section 2255 is adequate and effective to raise ineffective assistance of counsel claims. *Lee v. Watson*, 964 F.3d 663, 667 (7th Cir. 2020) (concluding "there was nothing structurally inadequate about § 2255 as a vehicle" for an ineffective assistance claim). In addition, ineffective assistance claims are constitutional claims under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668 (1984). Thus, a claim of ineffective assistance of counsel is not a new case of statutory interpretation. Accordingly, Flenoid's claims based on ineffective assistance of counsel are not cognizable in a § 2241 petition and are dismissed.

Flenoid next seeks to present a claim based on *Booker v. United States*, 543 U.S. 220, 244 (2005). Dkt. 1 at p. 5. But *Booker* was decided while Flenoid's case was pending on direct appeal and before Flenoid filed his first § 2255 motion in 2007. *See* dkt. 28 at p. 8. Thus, *Booker* does not create a new rule that was previously unavailable. Flenoid's assertion that any *Booker* "argument presented in his initial § 2255 would have been moot because no on-the-record 'ACCA' sentencing enhancement exist" is not persuasive. Dkt. 1 at p. 8. Flenoid could have challenged his § 924(e) enhancement in his initial § 2255. In fact, he acknowledges that he presented this claim to the sentencing court in his initial § 2255, although that court refused to consider it. Dkt. 1 at p. 9; *see also Flenoid v. United States*, No. 4:07CV8-DJS, 2009 WL 1735267, at *1 (E.D. Mo. June 18, 2009) (denying leave to file the 228-page traverse and stating it will not be considered). The

---

[2] In reply, Flenoid argues that he "is not attempting to raise claims based on ineffective assistance of counsel. . . . Instead, Petitioner is, rightly, showing this reviewing court the manner by which counsel's deficient representation at 'critical stages' of the criminal proceeding is 'inextricably intertwined with the cause and prejudice that led to Petitioner being unfairly convicted, and the illegal mandatory cross-referenced life being imposed." Dkt. 28 at p. 24. The nuance Flenoid seeks to establish does not change the fact that these errors could have been raised in his initial § 2255 motion.

sentencing court's denial of Flenoid's § 2255 motion was affirmed by the Eighth Circuit on appeal. Dkt. 1 at pp. 11–12. Flenoid's disappointment with how his claims were resolved by the Eastern District of Missouri and the Eighth Circuit, however, does not render § 2255 inadequate or ineffective. *See Taylor*, 314 F.3d at 835.

Flenoid next argues he is actually innocent of the § 922(g)(1) conviction and therefore is entitled to relief pursuant to *Rehaif*, 139 S. Ct. 2191. Dkt. 1 at pp. 13–16. Although Flenoid references and relies on *Rehaif*, his petition does not assert a *Rehaif* claim.

> Before *Rehaif*, the federal courts of appeals had all held that § 922(g) required the government to prove a defendant knowingly possessed a firearm or ammunition, but not that the defendant knew he or she belonged to one of the prohibited classes. In *Rehaif*, the Supreme Court reached a different conclusion, holding that the statute requires the government to show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*United States v. Maez*, 960 F.3d 949, 953 (7th Cir. 2020) (cleaned up).

Flenoid does not argue that he did not know he was a felon at the time he possessed the firearm.[3] Instead, Flenoid argues that he did not knowingly possess the firearm and explains that his claim is based on the unanswered question of "[w]hether there is a legal distinction between a defendant being in 'actual' possession and 'conscious' possession" of a firearm. Dkt. 1 at p. 14. Flenoid's novel argument is not based on the holding in *Rehaif*. As such it does not satisfy the requirements of the savings clause.

Finally, Flenoid's reply sets forth a list of errors that he claims occurred during his criminal proceeding. Dkt. 28 at p. 3–6. He acknowledges that he cannot meet the *Davenport* requirements for these claims but appears to argue that this Court should still consider them. *See e.g.*, dkt. 28 at p. 28 ("Petitioner cannot meet the *Davenport* requirements…."). He contends that the sentencing

---

[3] Nor could he. At trial, Flenoid testified that he knew he was a convicted felon who could not legally possess a firearm. Dkt. 1 at pp. 13–14.

court and the Eighth Circuit obstructed his ability to receive an unencumbered opportunity to receive a decision on the merits of his ineffective assistance of counsel and prosecutorial misconduct claims. Dkt. 28 at p. 24, 28. But even if such errors were made by Flenoid's attorneys, the sentencing court, and/or the Eighth Circuit, these errors can only be addressed and potentially corrected in a § 2241 petition if the *Davenport* requirements are met. Nowhere in his petition or 78-page reply does Flenoid identify any claim based on a case of statutory interpretation that could not have been brought in a § 2255 motion. Accordingly, no relief is warranted on this basis.

### IV. Conclusion

Larry Flenoid's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) (concluding that "petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/1/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LARRY FLENOID
18797-044
TERRE HAUTE – USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov